FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GUTIERREZ,<br><br>        Petitioner,<br><br>    v.<br><br>A. HEDGPETH,<br><br>        Respondent. | Case No. CV 08-818-SVW (OP)<br><br>MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## PROCEEDINGS AND BACKGROUND

On February 6, 2008, Petitioner Francisco J. Gutierrez ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Pet.").

According to the Petition, on July 11, 2005, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court, case number BA261668, of first degree murder in violation of California Penal Code section 187. (Pet. at 2.) The jury also found true gang and firearm use allegations within the meaning of California Penal Code sections 186.22 and 12022.53. (Pet. at 2.) On January 6, 2006, Petitioner was sentenced to a total state prison term of fifty years to life. (Id.)

Petitioner appealed the judgment of conviction to the California Court of Appeal raising a single claim relating to the trial court's denial of a request for a continuance in order to prepare and file a motion for new trial. (Id. at 5.) On November 30, 2006, the court of appeal affirmed the judgment. People v. Gutierrez, No. B189077, 2006 WL 3439024, at *4 (Cal. Ct. App. Nov. 30, 2006). Petitioner did not file a petition for review to the California Supreme Court, nor did he file any habeas corpus petitions in the state courts. (Pet. at 5, 6; Official Records of California Courts.[1])

In the current Petition, Petitioner raises thirteen claims, none of which have been presented to the California Supreme Court on direct appeal or in a habeas petition to the state supreme court. (Pet. at 5, 6; Official Records of California Courts.)

## II.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on

---

[1] The Court's independent review of the website for the California State Courts reveals that after the court of appeal affirmed the judgment on November 30, 2006, Petitioner did not file a petition for review to the California Supreme Court, nor did he file any habeas corpus petitions in the state courts. The Court takes judicial notice of the state appellate court records for Petitioner's case, which is available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1 | every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102
2 | S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides
3 | that a habeas petition brought by a person in state custody "shall not be granted
4 | unless it appears that-- (A) the applicant has exhausted the remedies available in the
5 | courts of the State; or (B)(I) there is an absence of available State corrective
6 | process; or (ii) circumstances exist that render such process ineffective to protect
7 | the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion
8 | requirement is to be waived, it must be waived expressly by the State, through
9 | counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

As set forth above, Petitioner raises thirteen claims in the current Petition, none of which have been presented to the California Supreme Court on direct appeal or in a habeas petition to the state supreme court. (Pet. at 5, 6; Official Records of California Courts.) Thus, it appears conclusively that the claims raised in the current Petition are unexhausted.

/ / /
/ / /
/ / /

## III.

## ORDER

IT IS THEREFORE ORDERED that the current Petition is hereby dismissed without prejudice to refiling after exhaustion of state judicial remedies.[2]

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: July 2, 2008

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[2] This dismissal does not relieve Petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.